**LOCKE LORD LLP**
Daniel A. Solitro (SBN: 243908)
dsolitro@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone:  (213) 485-1500
Facsimile:    (213) 485-1200

Charles E. Phipps (*pro hac vice* application to be filed)
cphipps@lockelord.com
Robert E. Nail (*pro hac vice* application to be filed)
RNail@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 740-8000
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

Attorneys for Plaintiff
PANINI AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PANINI AMERICA, INC.,  a Delaware corporation,<br><br>      Plaintiff,<br><br>  vs.<br><br>RYAN J. CARTER, an individual,<br><br>      Defendant. | Case No. 2:23-cv-03628<br><br>**COMPLAINT** |

*(left margin, vertical text:)* **Locke Lord LLP** 300 S. Grand Avenue, Suite 2600 Los Angeles, CA 90071

Plaintiff Panini America, Inc. ("Panini") files this Complaint against individual defendant Ryan J. Carter ("Defendant") and alleges as follows:

## I.  NATURE OF THIS ACTION

1.      Panini is a leading retailer of collectible trading cards and memorabilia in the United States and internationally.

2.      Panini is the owner of certain federally registered trademarks, having the exclusive right to use those trademarks in connection with collectible trading cards and memorabilia.

3.      Defendant is currently selling trading cards featuring Panini's federally registered trademarks without Panini's permission.  Defendant's trademark infringement involves the manufacture and sale of trading cards, including adult themed trading cards ("Infringing Trading Cards").

4.      Defendant's trademark infringement has created, and is likely to create, a false impression to consumers that Defendant and his Infringing Trading Cards are somehow affiliated with, sponsored or endorsed by Panini.  Defendant is intentionally misleading and confusing consumers into believing that there is a business relationship between Defendant and Panini.  Panini and Defendant, however, have absolutely no business relationship.

5.      Defendant's trademark infringement has caused irreparable harm to Panini's esteemed reputation and goodwill in the sports trading card industry and actual harm and other damages, including the costs associated with this lawsuit.

## II.  PARTIES

6.      Plaintiff Panini America, Inc. is a Delaware corporation with its principal place of business at 5325 FAA Boulevard, Suite 100, Irving, Texas 75061.

7.      Defendant Ryan J. Carter is an individual residing in Victorville, California and is a citizen of California.

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071

**III.  JURISDICTION AND VENUE**

8.     This court has jurisdiction over the subject matter under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the Panini and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  This Court has pendent jurisdiction of all claims arising under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

9.     Defendant resides in, is a citizen of, and regularly and systematically conducts business in California and in this District by advertising and soliciting customers for the purchase and sale of goods and/or services in this District. Accordingly, Defendant is subject to the personal jurisdiction of this Court.

10.     Defendant engages in commerce on a national scale, including via the subject website that sells infringing goods that is accessible in all of the United States of America.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the acts and omissions complained of herein occurred in this District and Defendant resides in this District.

**IV.  FACTS**

A.     **Panini's Business and Registered Trademarks**

12.     Panini is an industry leader in the design, creation and marketing of sports memorabilia, including trading cards.  Panini holds license agreements with several major professional sports leagues and players' associations.

13.     Panini is the owner of the unique and proprietary trademarks and tradenames "PANINI," "RATED ROOKIE," "PRIZM," "DONRUSS," "KABOOM!," "OPTIC," "OBSIDIAN," "SELECT," "BLACK," "IMMACULATE" and "NATIONAL TREASURES" in both word and design formats including, without limitation, in the stylized logo design formats  and

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071

(collectively, the "Panini Marks") which it uses in U.S. interstate commerce in connection with its nationwide marketing and sale of collectible trading cards including sports trading cards ("Panini Products").   Panini's stylized **PANINI** logo in particular features Panini's proprietary and distinctive color scheme and design elements, including a distinctive yellow background, stylized red font and black rectangular outline with rounded corners design which Panini has used in commerce for its Panini Products and advertisements concerning same since at least as early as 2009.

14.    Panini has engaged in its above-referenced business in interstate commerce by using its identified Panini Marks in connection with its marketing and sale of sports trading cards since at least as early as 2009.

15.    Panini has acquired trademarks and their associated goodwill from companies existing prior to 2009.

16.    The dates of first use of some of the Panini Marks are as follows:  2009 (PANINI), June 5, 2012 (RATED ROOKIE), November 28, 2012 (PRIZM), February 1, 1981 (DONRUSS), August 26, 2013 (KABOOM!), August 25, 2016 (OPTIC), August 12, 2019 (OBSIDIAN), June 1992 (SELECT), August 26, 2019 (BLACK) November 4, 2014 (IMMACULATE) and December 2010 (NATIONAL TREASURES) respectively.

17.    Panini owns, among others, the following trademark registrations as issued by the U.S. Patent and Trademark Office ("USPTO"): Registration Nos. 3,910,377, 4,254,100, 4,338,050, 4,254,101, 4,427,994, 1,526,835, 5,228,965, 6,076,211, 2,421,081, 6,195,369, 4,678,623 and 4,253,484.

18.    Panini has also filed an application with the USPTO to register the trademark KABOOM!, as per U.S. Trademark Application Ser. No. 90/004,362.

19.    Under 15 U.S.C. § 1065, Panini's exclusive right to use its registered Panini Marks under USPTO Registration Nos. 3,910,377, 4,254,100, 4,338,050, 4,254,101,

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071

4,427,994, 1,526,835, 2,421,081, 4,678,623 and 4,253,484 in connection with its Panini Products has become incontestable

20.     With respect to Panini's identified incontestable federal registrations for its Panini Marks, there have not been any final legal decisions issued against such marks, nor against Panini's right to register or maintain ownership and active status of such marks.

21.     There are currently no pending challenges against Panini's incontestable federal registrations for its Panini Marks.

22.     For each of Panini's identified incontestable federal registrations for its Panini Marks, Panini timely filed a Combined Section 8 & 15 Declaration of Continued Use and Incontestability with the USPTO verifying that each subject mark had been in use in commerce by Panini for at least five consecutive years for the goods covered by the registration and continued to remain in use, with the USPTO having accepted each such Declaration filed by Panini to officially grant incontestability status for Panini's identified registrations.

23.     With respect to Panini's incontestable Panini Marks identified herein, it is conclusively presumed that the marks are not generic nor merely descriptive, or if merely descriptive, have acquired secondary meaning via Panini's longtime use in commerce of such marks for its sports trading card products and public recognition and goodwill accrued therein to Panini.

24.     Panini's commercial Internet website is among the numerous avenues used by Panini in the marketing and sale of its sports trading cards, such website being linked to its proprietary Uniform Resource Locator or domain name "PANINIAMERICA.NET" ("Panini Domain").

25.     The Panini Domain and Panini's commercial website and online store associated therewith are interactive and customers and potential customers of Panini use the website to view and/or purchase Panini's sports trading cards.

26.     Panini uses its Panini Marks extensively throughout its commercial website associated with the Panini Domain.

27.     As a result of its extensive nationwide marketing efforts and its continuous use of the Panini Marks in U.S. interstate commerce for many years, Panini has developed very substantial rights and goodwill in the Panini Marks, with such marks having gained valuable public recognition and fame in identifying Panini as the exclusive source of its well-regarded Panini Products sought by sports trading card collectors at the highest levels.

28.     The Panini Products offered under the Panini Marks have been and continue to be recognized for excellence by consumers and in the relevant trade in the United States.

29.     As a result of Panini's promotional activities and unsolicited consumer recognition, the Panini Marks have become famous in the United States in connection with its Panini Products.

30.     The relevant public, including consumers who purchase trading cards, associate and identify the Panini Marks with Panini.

31.     Panini derives substantial goodwill from the association that consumers make between the Panini Marks and Panini Products.

32.     Through many years of advertising, marketing and sale of its Panini Products under its Panini Marks, Panini has built up at great expense and effort, a valuable reputation, fame and goodwill symbolized by the Panini Marks.

33.     Defendant's trademark infringement is irreparably tarnishing, damaging, diluting and injuring Panini and its rights in the Panini Marks and the goodwill associated therewith.

34.     Panini is the exclusive owner of the Panini Trademarks and the Panini Domain.

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

**B.**   **Defendant's Registration of the BangBros.cards Domain**

35.   On or about December 12, 2022, Defendant registered the domain www.bangbros.cards with the domain registrar Tucows.com ("BangBros.cards Domain").  Defendant did not include his personal information when registering the BangBros.cards Domain with Tucows.com.

36.   Sonesta Limited, s.r.o. ("Sonesta") owns and operates the domain <bangbros.com> and has used this domain for several years in connection with providing adult entertainment services.  Sonesta filed Articles of Organization for a corporation in Florida on December 13, 2002 concerning the entity BangBros.com, Inc. Sonesta registered the domain www.bangbros.com on March 1, 2002 with the domain registrar Directnic.com ("BangBros.com Domain").  Sonesta claims to have registered trademark rights and developed extensive common law trademark rights in the trademark "BANGBROS".

37.   Sonesta has no affiliation with Defendant. There is no business relationship, or any other relationship, between Sonesta and Defendant.

38.   The BangBros.cards Domain was not created by, and is not operated by, Sonesta.  Sonesta does not own, control or have any affiliation or connection with the BangBros.cards Domain.

39.   On May 5, 2023, Sonesta filed a complaint under the Uniform Domain Name Dispute Resolution Policy ("UDRP Complaint") with the National Arbitration Forum ("FORUM"), involving the alleged infringing domain name <bangbros.cards>.

40.   Because the registrant did not provide any personal information when registering the domain name, FORUM requested the registrant's information from Tucows.com (the registrar).

41.   Tucows.com identified Defendant (Ryan Carter), along with his address and telephone number, as the registrant of the BangBros.cards Domain.

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071

**C.**   **Defendant's Wrongful Use of Panini's Trademarks.**

42.    Defendant has misappropriated and is currently using marks identical to the Panini Marks including, without limitation, Panini's exact  and logo marks, design elements and color schemes associated therewith on or in connection with trading cards featuring adult themed images that some consumers consider to be offensive and/or vulgar and in some instances include pornographic images, including of adult film actors, ("Accused Activities"), as evidenced by Exhibit A attached herewith (true and correct documentation listing of Panini Marks infringed by Defendant and providing URL links to Defendant's Infringing Trading Cards posted on Defendant's website at www.bangbros.cards).

43.    Upon information and belief, Defendant's Accused Activities began at least as early as February 2023.

44.    Defendant has also created and used a confusingly similar logo mark featuring Panini's proprietary color schemes and logo design elements of its logo, specifically in the form of currently shown on Defendant's website at "www.bangbros.cards" per Exhibit A, with such logo used by Defendant featuring the same yellow background color, the same red font lettering and the same rectangular black outline with rounded corners embodied by the logo.

45.    Defendant created the logo used on his website with the intent to evoke the visual and commercial impression of Panini's longstanding and famous yellow and red logo and to otherwise intentionally and unfairly evoke Panini and the Panini Marks in the minds of consumers and misappropriate the benefit of the strong goodwill and fame associated with the Panini Marks.

46.    Defendant's Accused Activities are not licensed by Panini.

47.    Defendant's Accused Activities are all without the authority and consent of Panini.

48.    Defendant's Accused Activities are to the irreparable detriment, tarnishment, dilution and damage of Panini's longstanding valuable reputation, fame and goodwill symbolized by the Panini Marks.

49.    Defendant's active commercial website accessible via Defendant's BangBros.cards Domain currently features Defendant's prominent use of the Panini Marks in connection with Defendant's marketing and offering for sale of adult themed trading cards to the public, with Defendant including direct references to Panini on his explicit trading cards so as to intentionally and unfairly evoke Panini and the Panini Marks in the minds of consumers and otherwise misappropriate the benefit of the strong goodwill and fame associated with the Panini Marks.

50.    Defendant's unauthorized and infringing activities described herein further create the false impression to consumers that Defendant and his goods and services are somehow originate from, are affiliated with, sponsored or endorsed by Panini, thereby intentionally misleading and confusing consumers into mistakenly believing that some form of business relationship or affiliation exists between Defendant and Panini.

## V.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (Federal Trademark Infringement, 15 U.S.C. §§ 1114 and 1125)

51.    Panini realleges and incorporates by reference all preceding paragraphs.

52.    Defendant has misappropriated and is using the Panini Marks in connection with the Accused Activities ("Trademark Infringement").

53.    Defendant's Trademark Infringement includes his use of the Panini Marks, including his use of the logo  which is confusingly similar in color scheme and logo design to Panini's stylized  logo and was created by

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Defendant to evoke the visual and commercial impression of Panini's logo and to otherwise intentionally and unfairly evoke Panini and the Panini Marks in the minds of consumers and misappropriate the benefit of the strong goodwill and fame associated with the Panini Marks. Defendant's infringing use of the logo **BANGBROS** featuring a yellow background, stylized red font and rectangular design confusingly similar to that shown in Panini's longstanding **PANINI** logo is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendant with Panini and as to the origin, sponsorship, and/or approval of Defendant's Infringing Trading Cards by creating the false and misleading impression that Defendant's infringing goods are offered by, authorized by, or otherwise associated with Panini.

54. Defendant's Trademark Infringement is willful and in bad faith.

55. Defendant's Infringement involves the design, manufacture, sale, advertisement and promotion of trading cards.

56. Defendant's Infringement is being conducted in connection with the offering for sale of the same goods and/or services that are substantially related to the Panini Products.

57. Defendant is using the Panini Marks for goods which are substantially related to the Panini Products and which directly overlap with such goods, including with respect to sports trading cards offered by Panini in U.S. interstate commerce under the Panini Marks.

58. Defendant's unauthorized and infringing use of the Panini Marks is intended by Defendant to confusingly evoke the very essence of Panini and the Panini Products offered under Panini's famous Panini Marks.

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

59.     Defendant operates an active website under the BangBros.cards Domain prominently featuring Defendant's use of the Panini Marks on or in connection with the Accused Activities for purposes of online advertising and sale of such goods to the public via the Internet.  The marks used by Defendant are identical to, or are otherwise confusingly similar to, the Panini Marks.

60.     The marks used by Defendant are confusingly identical to the Panini Marks in appearance, sound, and connotation and are being used by Defendant in connection with goods which are substantially related to the Panini Products.

61.     Years after Panini began its continuous and uninterrupted use of its Panini Marks for its Panini Products, Defendant began advertising and selling of trading cards to the public featuring the Panini Marks, including via the "BangBros.cards" commercial website.

62.     Defendant's Trademark Infringement has been with constructive and actual notice of Panini's exclusive ownership of and right to use the Panini Marks.

63.     Before beginning the Accused Activities, Defendant was aware of Panini.

64.     Before beginning the Accused Activities, Defendant was aware of Panini's Domain.

65.     Before beginning the Accused Activities, Defendant was aware that Panini used the Panini Marks in connection with trading cards.

66.     Defendant has intentionally infringed upon the Panini Marks.

67.     The natural and probable consequence of Defendant's Trademark Infringement has been and will continue to be that the public and consumers are very likely be confused, misled, and deceived by the confusingly identical appearance, sound and commercial impression of the marks used by Defendant for his Infringing Trading Cards as compared to the Panini Marks, including that such persons who are seeking the Panini Products will be mistakenly led to deal with Defendant.

68.     Defendant continues to unlawfully infringe upon the Panini Marks by his Trademark Infringement.  As a result, consumers who would ordinarily do business

with Panini have likely done business with, and are likely to continue to do business with Defendant believing they were and/or are doing business with Panini, and/or that they were and/or are obtaining Panini Products or products otherwise endorsed, approved or sponsored by Panini, thereby resulting in significant monetary damages and other harm to Panini.

69.     Defendant's Trademark Infringement has caused irreparable damage to Panini's valuable reputation and strong goodwill associated with its Panini Marks, as well as other irreparable damages.  For the harm and loss suffered by Panini, and for the harm and loss that will continue but for intervention of this Court, Panini has no adequate remedy at law.  Unless Defendant is enjoined from further infringement and unfair competition, Panini will continue to suffer irreparable harm because the damages sustained will be irreparable.

70.     The marks used by Defendant are identical to, or are otherwise confusingly similar to, the Panini Marks.

71.     Defendant's aforementioned actions have caused and are likely to continue to cause confusion, or to cause mistake, or to deceive customers and others as to the affiliation, connection, or association of Panini with Defendant, or as to the origin, sponsorship or approval of Defendant's goods and services by Panini in violation of 15 U.S.C. §§ 1114 and 1125.

72.     Defendant's aforementioned actions further constitute false designation of origin under 15 U.S.C. §§ 1125(a)(1) given Defendant's use of the Panini Marks in association with misleading descriptions or representations of fact on or in connection with Defendant's goods which are likely to cause confusion or to deceive as to the origin, sponsorship or approval of such goods.

73.     Panini has been damaged by the Defendant's conduct discussed above.

74.     Panini is entitled to an award of damages and injunctive and other relief against Defendant.

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

## SECOND CAUSE OF ACTION

### (Federal Trademark Dilution, 15 U.S.C. § 1125)

75. Panini realleges and incorporates by reference all preceding paragraphs.

76. Given the degree of inherent and acquired distinctiveness of the Panini Marks and incontestable status thereof, the duration and extent of use of the Panini Marks by Panini in connection with the Panini Products, the duration and extent of advertising and publicity of the Panini Marks, the geographical extent of the trading area in which the Panini Marks are used, the channels of trade for the goods or services with which the Panini Marks are used, and the degree of recognition of the Panini Marks in the trading area and channel of trade used by Panini, the Panini Marks are famous and were famous at the time Defendant first began his Trademark Infringement.

77. The Accused Activities of Defendant complained of herein dilute and / or cause dilution by tarnishment of the Panini Marks and irreparable harm to Panini's longstanding valuable reputation in such marks in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c)(2)(C).

78. Defendant is willfully trading on and intends to continue trading on the reputation of Panini and to dilute or cause dilution by tarnishment of the Panini Marks.

79. Panini has been damaged by the aforementioned activities of Defendant.

80. Panini is entitled to an award of damages resulting from Defendant's violation of the Federal Trademark Dilution Act and injunctive and other relief against Defendant.

## THIRD CAUSE OF ACTION

### (Unfair Competition Under The Lanham Act, 15 U.S.C. §§ 1114 and 1125)

81. Panini realleges and incorporates by reference all preceding paragraphs.

82. Defendant's above-referenced actions further constitute unfair competition under 15 U.S.C. § 1125 and have caused and are likely to continue to cause confusion, or to cause mistake, or to deceive customers and others as to the affiliation, connection, or association of Panini with Defendant, or as to the origin, sponsorship or approval of

Defendant's Infringing Trading Cards by Panini in violation of 15 U.S.C. §§ 1114 and 1125.

83.     Defendant's aforementioned wrongful acts and unfair competition have caused, and are likely to continue to cause, Panini to incur significant damages. Accordingly, Panini seeks recovery from Defendant of all amounts it is entitled to under 15 U.S.C. § 1117(a), including without limitation:  (1) Defendant's profits from the sale of each product or service marketed, advertised, sold or rendered using the Panini Marks; (2) all damages sustained by Panini; (3) the costs of the action; and (4) an additional amount the Court considers just.

## FOURTH CAUSE OF ACTION

### (California Unfair Competition and Unfair Business Practices, Cal. Bus. & Prof. Code §§ 17200 *et seq.* and 17500 *et seq.*)

84.     Panini realleges and incorporates by reference all preceding paragraphs.

85.     Defendant's actions constitute unfair competition, passing off, unjust enrichment, and misappropriation of Panini's trademark rights in that such acts permit, and will continue to permit, Defendant to use and benefit from the goodwill and reputation earned by Panini, for Defendant's purpose of obtaining immediate customer acceptance of his trading cards offered for sale and sold with the Panini Marks, on the basis of a reputation not established in Defendant's own right, and to give Defendant's goods and services a marketability he would not otherwise have, all at Panini's expense.

86.     Defendant continues offering goods under marks which are substantially and confusingly identical to the Panini Marks and will continue to constitute acts of unfair competition, passing off, unjust enrichment, and misappropriation by Defendant against Panini, thereby causing irreparable harm to Panini.

87.     Defendant's conduct thereby constitutes unlawful, unfair, deceptive and/or fraudulent trade practices and unfair competition in violation of California Business & Professions Code §§ 17200 *et seq*. and 17500 *et seq*.  The predicate acts comprising Defendant's unlawful, unfair, deceptive and/or fraudulent trade practices or acts

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

include, but are not limited to, the violations of law more fully set forth herein.

88.    As a direct and proximate result of Defendant's wrongful conduct, Panini has suffered injury in fact, which losses include damage to Panini's goodwill with its existing, former and potential customers and creating actual confusion among these customers.

89.    These wrongful acts have proximately caused and will continue to cause Panini substantial injury, including potential loss of customers, loss of goodwill, and confusion of existing and potential customers of Panini's products.  The harm these wrongful acts will cause to Panini is both imminent and irreparable, and the amount of damage sustained by Panini will be impossible to ascertain if these acts continue.

90.    As such, Panini has no adequate remedy at law.  Pursuant to California Business & Professions Code § 17203, Defendant is required to disgorge and restore to Panini all profits and property acquired by means of Defendant's unfair competition with Panini.

91.    Pursuant to California Business & Professions Code § 17203, Panini is also entitled to a preliminary and permanent injunction restraining Defendant, his respective agents, employees, and all persons acting in concert with Defendant, from engaging in further such unlawful conduct.

92.    Defendant's misconduct as described above is intentional, willful, wanton and oppressive.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

93.    Panini realleges and incorporates by reference all preceding paragraphs.

94.    Defendant has infringed upon the Panini Marks for his own commercial benefit without compensation to Panini.

95.    As a result, Defendant has unjustly profited from the goodwill and reputation associated with the Panini Marks upon which Defendant unlawfully infringed.  Accordingly, Panini seeks a full accounting and recovery from Defendant

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

132978841

for the benefits and profits he has unjustly received, as well as injunctive relief.

## SIXTH CAUSE OF ACTION

### (Common Law Unfair Competition)

96.    Panini realleges and incorporates by reference all preceding paragraphs.

97.    The foregoing acts of Defendant constitute unfair competition, passing off, unjust enrichment, and misappropriation of Panini's rights in that such acts permit, and will continue to permit, Defendant to use and benefit from the goodwill and reputation earned by Panini, for Defendant's purpose of obtaining immediate customer acceptance for goods and/or services offered for sale and sold by Defendant under the Panini Marks, on the basis of a reputation not established in Defendant's own right, and to give Defendant's goods and/or services a marketability they would not otherwise have, all at Panini's expense.

98.    Defendant continues offering goods and/or services under marks which are substantially and confusingly identical to the Panini Marks and will continue to constitute acts of unfair competition, passing off, unjust enrichment, and misappropriation by Defendant against Panini, thereby causing irreparable harm to Panini.

99.    The foregoing acts of Defendant accordingly constitute unfair competition, passing off, unjust enrichment, and misappropriation in violation of applicable state common law.

100.   Panini has been injured by the Defendant's conduct and is entitled to an award of damages and injunctive relief, and other relief as appropriate.

## SEVENTH CAUSE OF ACTION

### (Injury to Business Reputation and State Statutory and Common Law Dilution)

101.   Panini realleges and incorporates by reference all preceding paragraphs.

102.   The foregoing acts of Defendant have resulted in dilution by tarnishment of the Panini Marks and irreparable harm to Panini's longstanding valuable reputation in such marks and have destroyed and continue to destroy the goodwill and reputation

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

established by Panini in connection with its Panini Marks, thereby causing Panini irreparable harm.

103.    The foregoing acts of Defendant accordingly constitute dilution by tarnishment of the Panini Marks and irreparable harm to Panini's highly regarded reputation in such marks, in violation of applicable state statutory and common law.

104.    Panini has been injured by the Defendant's conduct and is entitled to an award of damages and injunctive, and other, relief.

## EIGHTH CAUSE OF ACTION

### (Injunctive Relief)

105.    Panini realleges and incorporates by reference all preceding paragraphs.

106.    As set forth above, Panini has a substantial likelihood to prevail on the merits of its claims for trademark infringement, trademark dilution, unfair competition and unjust enrichment.

107.    Defendant's actions in violation of the Lanham Act and applicable state law have caused, and are continuing to cause, substantial and irreparable damage to Panini for which there is no adequate remedy at law.  Panini is, therefore, entitled to an injunction preventing the Defendant's continued infringement, including an injunction against the Defendant's continued use of the Panini Marks.  Defendant has improperly misappropriated and used and will continue to improperly use the Panini Marks unless prevented from doing so by this Court.  While Defendant continues to illegally use the Panini Marks, Panini will continue to lose control over its own reputation and goodwill and the public and consumers will continue to likely be confused, misled, and deceived by Defendant's unauthorized and unlawful use of marks which are confusingly identical to the Panini Marks.

108.    The injury Panini will suffer greatly outweighs any harm the requested relief would inflict on Defendant since Defendant has no right to use the Panini Marks on any of the goods, including Defendant's trading cards.  Defendant, therefore, would suffer no harm from entry of the requested injunction.

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

109.   Panini's requested injunctive relief would serve the public interest. The public as a whole has a paramount interest not to be confused by Defendant's trademark infringement and other wrongful conduct.  Panini is entitled to have control over the Panini Marks, how and where the marks are used and any revenue generated from good and services using the Panini Marks.

110.   Panini requests that Defendant, his representatives, agents, partners, and others acting in concert with Defendant be preliminarily and permanently enjoined from: (1) advertising, marketing, selling or rendering any product or service under or otherwise using or continuing to use the Panini Marks or any other marks anywhere, including in the State of California, that are confusingly identical or similar to the Panini Marks; (2) representing to any other person or entity that Defendant has authority to use the Panini Marks; and (3) representing to any person or entity that Defendant's goods or services are in any manner associated with, connected to, related to, sponsored by, affiliated with, endorsed by, approved by, originate from or recommended by Panini.

## VI.  REQUEST FOR ATTORNEYS' FEES

111.   Due to Defendant's wrongful conduct as alleged herein, Panini has retained the undersigned law firm to represent it and prosecute this action on its behalf, and will pay their reasonable attorneys' fees and expenses for prosecuting this action.

112.   Because Defendant's actions have been willful and deliberate, this is an exceptional case for which attorneys' fees are recoverable under 15 U.S.C. § 1117(a) and/or applicable state law, pursuant to which Panini requests an award of its attorneys' fees, costs, and expenses incurred in prosecuting this lawsuit.

## VII.   PRAYER FOR RELIEF

Panini respectfully requests that Panini be awarded the following relief from Defendant:

(a)   That Defendant and all persons acting in concert with Defendant be preliminarily and permanently enjoined from: (1) advertising, marketing, selling or rendering any goods or services under or otherwise using or

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

continuing to use the Panini Marks or any other marks that are confusingly identical or similar to the Panini Marks; (2) representing to any other person or entity that Defendant has authority to use the Panini Marks; and (3) representing to any other person or entity that Defendant or his goods or services are in any manner associated with, connected to, related to, sponsored by, affiliated with, endorsed by, approved by or recommended by Panini;

(b)     That Defendant be required to report to Panini at least every thirty (30) days his compliance with the preliminary injunction and the permanent injunction;

(c)     That Panini receive and recover from the Defendant all of: (1) Defendant's profits from each product or service marketed, advertised or sold using the Panini Marks or any other marks that are confusingly identical or similar to the Panini Marks; (2) all damages sustained by Panini; (3) costs of court; (4) statutory damages allowed by the Lanham Act; and (5) any additional amount that the Court determines to be just;

(d)     That Panini receive and recover from the Defendant Panini's actual damages under applicable state statutory and common law;

(e)     That Defendant be required to delete and destroy any products or images that include the Panini Marks or any other marks that are confusingly identical or similar to the Panini Marks and certify same to the Court and Panini;

(f)     That Defendant provide an accounting of all Infringing Activities to the Court and Panini.

(g)     That the Defendant be ordered to pay Panini its reasonable costs, expenses, and attorneys' fees incurred in prosecuting this action, including any appeal;

(h)     That Panini be awarded pre and post-judgment interest to the maximum

extent allowed by law; and

(i)    That Panini be awarded such other and further relief to which it may be justly entitled.

Dated:  May 11, 2023                    Respectfully submitted,

LOCKE LORD LLP


/s/ *Daniel A. Solitro*
        Daniel A. Solitro
Attorneys for Plaintiff
PANINI AMERICA, INC.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Panini hereby respectfully demands a trial by jury on all claims in its Complaint that are triable by jury.


Dated: May 11, 2023                    Respectfully submitted,

LOCKE LORD LLP


/s/ *Daniel A. Solitro*
Daniel A. Solitro
Attorneys for Plaintiff
PANINI AMERICA, INC.

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

132978841

21

COMPLAINT